**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **MELANIE K. FRITZ,** § <br> § <br> *Plaintiff,* § <br> § <br> V. § <br> § <br> § <br> **WAL-MART STORES, INC. AND** § <br> **WAL-MART STORES TEXAS, LLC,** § <br> § <br> *Defendants.* § | CIV. A. NO. _____ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Comes Now Melanie K. Fritz, Plaintiff herein, and files this her Original Complaint against Wal-Mart Stores, Inc. and Wal-Mart Stores Texas, LLC, Defendants herein, and in support thereof, would respectfully show the Court the following:

**Parties & Service**

1. Plaintiff Melanie K. Fritz, an individual, is a citizen of the State of Texas.

2. Defendant Wal-Mart Stores, Inc. ("WSI"), is a corporation organized under the laws of the state of Delaware, with its principal place of business in the state of Arkansas. Defendant is therefore a citizen of both Delaware and Arkansas. Defendant may be served with process by serving its registered agent, C T Corporation System, at 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

3. Defendant Wal-Mart Stores Texas, LLC ("WST") is a limited liability corporation organized under the laws of the state of Delaware. On information and believe, the sole member of Wal-Mart Stores, LLC is Wal-Mart Real Estate Business Trust. The sole unit holder of Wal-Mart Real Estate Business Trust is Wal-Mart Stores East, LP, a Delaware limited partnership, of which WSE Management, LLC, is the general partner, and WSE Investment, LLC is the limited

partner. The sole member of WSE Management, LLC, and WSE Investment, LLC, is Wal-Mart Stores East, LLC (f/k/a Wal-Mart Stores East, Inc.) whose parent company is Wal-Mart Stores, Inc. As already alleged, Wal-Mart Stores, Inc. is a citizen of both Delaware and Arkansas. Therefore, Wal-Mart Stores Texas, LLC is also a citizen of both Delaware and Arkansas. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008) (holding that the citizenship of a limited liability company is determined by the citizenship of all of its members). Defendant may be served with process by serving its registered agent, C T Corporation System, at 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

## Jurisdiction & Venue

4. The Court has jurisdiction over this lawsuit under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's claims arising under Texas statutory law under 28 U.S.C. § 1367.

5. To the extent necessary, the Court also has jurisdiction over this lawsuit under 28 U.S.C. § 1332.

6. Plaintiff exhausted her administrative remedies under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) ("Title VII") and the Texas Labor Code § 21.051 *et seq* ("TCHRA"). Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

7. Plaintiff has timely filed this Complaint within 90 days of her receipt of a Right-to-Sue letter from the EEOC. A true and correct copy of the Right-to-Sue letter is attached hereto as **EX. A**.

8. Venue is proper in this district and division under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

**Facts**

9. Plaintiff worked for Defendants at one of their Supercenters located at 2440 Gilmer Rd., Longview, TX 75604 (the "Store")[1].

10. Prior to Plaintiff's termination on August 4, 2015, she had worked for the Defendants for almost nine years, with the past five years in the Store's automotive department. At the time of her termination, Plaintiff's was a "support manager," having duties both inside the Store and outside the Store in the automotive shop. Indeed, for the past year Plaintiff's duties were increasingly in the automotive shop because the Store did not have a "bay manager."

11. In July of 2015, Plaintiff received notice that the new manager of the automotive department would be James Evan ("Evan"). Evan's first day as the manager of the automotive department would be on July 27, 2015.

12. On July 25, 2015, Evan was in the automotive department having his car serviced. While waiting for his car to be finished, he spoke with Plaintiff and told her that changes were going to be made.

13. On July 27, 2015, Evan's first day as the manager of the automotive department, and as Plaintiff's direct supervisor, Evan told Plaintiff that "no woman was going to be working in the shop." Later that day, Evan likewise told Jerry Ferguson, a department manager at the Store, that "no woman was going to be working in my shop."

14. On August 1, 2015 (Saturday), Plaintiff wrote an email to the Store's general manager, Galen Knight, complaining, in part, of Evan's disrespect towards her.[2] Earlier that day,

---

[1] The Store is referred to internally by the Defendants as Store #399.

[2] The email also complained of unsafe working conditions in the automotive shop on August 1, 2015.

Plaintiff had verbally made similar complaints to the Store's assistant managers, Barbara Green and Nela Anderson.

15. On August 4, 2015, Plaintiff was terminated without any warning. At the time of her termination, she was told that she was being terminated for gross misconduct in connection to a "lube audit" performed on July 28, 2015. A "lube audit" is performed by a manager in the automotive shop after a technician has completed an oil change for a customer. The manager checks to make sure that the technician has completed all the tasks required by a Wal-Mart oil change. Plaintiff's alleged "gross misconduct" was beginning, but not completing, one of these audits. When a Store employee is written up for some infraction of the Store's policies and procedures, the employee is considered to be in "active coaching," and the write-up may serve as the basis for further discipline in the event of any future infractions for the next year. At the time of her termination, Plaintiff was not in "active coaching." In other words, a single instance of an alleged incomplete audit was the sole basis for her termination.

16. However, when Plaintiff filed for unemployment, the Defendants indicated to the Texas Workforce Commission that she had been terminated due to theft. This was a complete fabrication on the part of the Defendants.

17. Whether the pretext for Plaintiff's termination was the incomplete lube audit or the alleged theft, the real reason for Plaintiff's termination was because Evan did not want a woman to have any duties in the automotive department, particularly the automotive shop. Further, since Plaintiff was terminated, she learned from one of her former colleagues that Evan told him that Plaintiff was too old to be out in the shop, and that she "needed to be home tending to babies." Plaintiff, at forty-four, was the oldest person working in the automotive department, where the typical age of the employees was between eighteen and twenty-nine.

## Sex Discrimination

18. All facts alleged above, herein, and below are hereby incorporated by reference.

19. Defendants violated 42 U.S.C. § 2000e-2(a)(1) and TEX. LABOR CODE § 21.051. Plaintiff was qualified for her position as a support manager. Plaintiff satisfactorily performed her duties as a support manager. Nonetheless, within a week of Evan becoming her new manager, and only five hours actually working with Evan, Plaintiff was terminated. Plaintiff's sex was a motivating factor in Defendants' termination of Plaintiff.

20. Defendants discriminated against Plaintiff because of her sex intentionally and with reckless disregard to her rights under Title VII and the TCHRA.

21. Defendants' violations directly caused Plaintiff's economic and non-economic harm, as set forth below.

## Age Discrimination

22. All facts alleged above, herein, and below are hereby incorporated by reference.

23. The Age Discrimination in Employment Act of 1967, as amended ("ADEA") and TEX. LABOR CODE § 21.051 prohibit age discrimination against employees who are over 40 years of age.

24. Plaintiff was, at all material times, over 40 years of age.

25. Defendants discriminated against Plaintiff by terminating her employment. Plaintiff's age was a motivating factor in Defendants' decision to terminate her employment.

26. Defendants discriminated against Plaintiff based on her age willfully and with reckless disregard to Plaintiff's rights under the ADEA and the THCRA.

27. The unlawful practices committed by Defendants directly caused Plaintiff economic harm and non-economic harm, as set forth below.

28. The willfulness of Defendants' actions make Defendants liable to Plaintiff for liquidated damages under 29 U.S.C. § 626(b) and punitive damages under TEX. LABOR CODE § 21.2585.

### Retaliation for Reporting Sex Discrimination

29. All facts alleged above, herein, and below are hereby incorporated by reference.

30. Title VII and the TCHRA prohibit retaliation against employees who make good faith complaints about unlawful discrimination.

31. Plaintiff engaged in protected activity under Title VII and the TCHRA by making internal complaints about unlawful sex discrimination and opposing sex discrimination in the workplace.

32. Plaintiff engaged in this protected activity in good faith.

33. Defendants took adverse employment actions against Plaintiff after she engaged in protected activity.

34. A causal connection exists between Plaintiff's protected activity and Defendants' adverse employment actions including the termination of Plaintiff's employment.

35. Defendants retaliated against Plaintiff intentionally and with reckless disregard to Plaintiff's rights under Title VII and the TCHRA.

36. Defendants' unlawful retaliation caused Plaintiff economic and non-economic harm, as set forth below.

37. The willfulness of Defendants' actions make Defendants liable to Plaintiff for liquidated damages under 29 U.S.C. § 626(b) and punitive damages under TEX. LABOR CODE § 21.2585.

## Damages

38. As a result of Defendants' unlawful conduct, Plaintiff has suffered economic damages, including past and future lost income, interest on back and front pay, lost earning capacity in the past and future, lost benefits under the contract or employment relationship, job search expenses, injury to her credit standing, and other consequential and incidental financial damages.

39. Plaintiff has also incurred non-economic damages as a result of Defendants' unlawful conduct, including emotional pain and suffering, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other non-pecuniary losses.

40. Defendants acted in reckless disregard to Plaintiff's rights to be free from age and sex discrimination and unlawful retaliation, and intentionally engaged in an unlawful employment practice by discriminating and retaliating against Plaintiff.

41. Defendants' willful conduct calls for the imposition of liquidated damages under 29 U.S.C. § 626(b).

## Attorney's Fees

42. A prevailing party may recover reasonable attorneys' and experts' fees under the ADEA, Title VII, and the TCHRA.

43. Plaintiff seeks recovery of all reasonable and necessary attorney's fees and expert witness fees in this case from Defendants.

44. Plaintiff additionally seeks recovery of all costs associated with the prosecution of this action.

### Jury Demand

45. Plaintiff respectfully assert the right to a trial by jury on all triable facts.

### Conditions Precedent

46. All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that:

a. Defendants be cited to appear and answer;

b. That the Court empanel a jury to determine any issue of fact and that upon final hearing of this cause, that:

   i. The Court award Plaintiff economic, compensatory, and punitive damages as specified above;

   ii. The Court award Plaintiff the equitable remedy of reinstatement or, in the alternative, front pay;

   iii. The Court award Plaintiff her reasonable attorneys' fees and expert fees and costs;

   iv. The Court award Plaintiff pre and post-judgement interest at the highest rates allowed; and

c. That the Court award Plaintiff any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

*/s/ Joseph A. Barbknecht*
Joseph A. Barbknecht
SBN: 01718400
jab@barbknecht.com

THE BARBKNECHT FIRM, P.C.
Atrium at Collin Ridge
500 Central Expressway, Suite 325
Plano, Texas 75074
(972) 312-1510
(972) 312-1511 facsimile

URTEAGO, P.C.
David B. Urteago
SBN: 24079493
durteago@urteago.com
5931 Greenville Avenue #431
Dallas, TX 75206
(214) 906-5903
(214) 509-7912 (fax)

**ATTORNEYS FOR PLAINTIFF**